IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 13-20033-07-KHV |
| JORGE URIEL DELGADO-OVALLE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Mr. Delgado-Ovalle's Motion For Release (Doc. #49) filed May 6, 2013. On May 17, 2013, the Court held a hearing on the motion. For reasons stated below, the Court finds that defendant should be released on conditions pending trial.

## Procedural Background

United States Magistrate Judge David J. Waxse held a detention hearing and on April 12, 2013, he sustained the government's motion for detention. Defendant seeks review of the detention order.

## Standard of Review

A defendant may seek review of a magistrate judge's order of detention under 18 U.S.C. § 3145(a)(1). The district court reviews *de novo* a magistrate judge's order of release or detention. See United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002); United States v. Burks, 141 F. Supp.2d 1283, 1285 (D. Kan. 2001). The district court must make its own *de novo* determination of the facts and legal conclusions with no deference to the magistrate judge's findings. See Lutz, 207 F. Supp.2d at 1251. A *de novo* evidentiary hearing, however, is not required. See id. The district court may either "start from scratch" and take relevant evidence or incorporate the record

of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f). The Court may allow the parties to present information by proffer or it may insist on direct testimony. See Torres, 929 F.2d at 291. The Court also may incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted there. Lutz, 207 F. Supp.2d at 1251; see United States v. Chagra, 850 F. Supp. 354, 357 (W.D. Pa. 1994).

## **Standards For Detention**

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the Court must take into account the available information concerning –

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including – (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The government carries the burden to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community.[1]  Lutz, 207 F. Supp.2d at 1251. The government must show by a preponderance of the evidence that defendant presents a serious flight risk. The government must prove dangerousness to any other person or the community by clear and convincing evidence. Id. at 1252.

## Analysis

Here, the Court takes judicial notice of the Pretrial Services Report and the proffers at the hearing before Magistrate Judge Waxse and the evidence presented at the review hearing on May 17, 2013.

**I.   Nature And Circumstances Of The Offense**

The indictment charges defendant with (1) conspiracy to harbor illegal aliens for commercial advantage and private financial gain, (2) intentionally encouraging alines, for the purpose of commercial advantage and private financial gain, to reside in the United States, (3) conspiracy to commit money laundering and (4) money laundering related to harboring illegal aliens. The statutory maximum on the first two charges is five years in prison. The statutory maximum on the charges for conspiracy to commit money laundering and money laundering is 20 years in prison. At the hearing on May 17, 2013, government counsel estimated that if convicted, defendant would likely receive a sentencing guideline range of 24 to 36 months. The nature and circumstances of the offenses slightly weigh in favor of detention.

---

[1]   In this case, no presumption of detention applies. Cf. 18 U.S.C. § 3142(e)(3)(A).

**II.     Weight Of The Evidence**

The government has presented evidence that defendant cashed checks for aliens not lawfully present nor authorized to work in the United States. The weight of the evidence slightly favors detention.

**III.    History And Characteristics Of Defendant**

Defendant is 32 years old. He is a citizen of Mexico and is in the United States illegally. Defendant has lived in the United States since he was 17 years old and has lived in the Kansas City area for the past eight years. Defendant is married and has three children (ages 1, 4 and 6). Defendant's criminal history mainly consists of traffic violations and failure to appear in Denver County Traffic Court in 2003. Defendant is in excellent physical health with no medical problems.

Defendant's history and characteristics including his strong family ties to the Kansas City area and relatively minor criminal history suggest that he is not a flight risk. The government notes that Immigration and Customs Enforcement (ICE) has lodged a detainer with the U.S. Marshal's Service. Even so, a defendant's status as a deportable alien alone does not mandate detention; at most it is simply a factor which weighs heavily in the risk of flight analysis. See United States v. Chavez-Rivas, 536 F. Supp.2d 962, 964 n.3 (E.D. Wis. 2008). At the hearing on May 17, 2013, the government acknowledged that in a great majority of cases, ICE follows the government recommendation to keep a defendant in the United States pending the resolution of a federal criminal case. Accordingly, the ICE detainer provides little support for an argument that no condition or combination of conditions would reasonably assure defendant's presence in later proceedings.

Overall, this factor favors release.

## IV. Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that he will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). The government does not allege that defendant poses a danger to the community. Government's Response To Defendant's Motion For Pre-Trial Release (Doc. #55) filed May 15, 2013 at 5. This factor favors release.

## V. Balance Of Factors

On balance and in light of the fact that ICE generally follows a government recommendation to keep a defendant in the United States pending the resolution of a federal criminal case, the Court concludes that the government has not satisfied its burden to show that no set of conditions will reasonably assure defendant's appearance. Accordingly, the Court releases defendant on conditions.

**IT IS THEREFORE ORDERED** that Mr. Delgado-Ovalle's Motion For Release (Doc. #49) filed May 6, 2013 be and hereby is **SUSTAINED**. Defendant Jorge Uriel Delgado-Ovalle shall be released subject to conditions as outlined in a separate release order to be prepared by a magistrate judge. To expedite the release order and in light of the availability of the magistrate judges, the Court refers this issue to Magistrate Judge James P. O'Hara.

Dated this 20th day of May, 2013 at Kansas City, Kansas.

             s/ Kathryn H. Vratil
             KATHRYN H. VRATIL
             United States District Judge