# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITES STATES OF AMERICA,

      Plaintiff,

v.                                                                   Case No. 13-20033-07-KHV

JORGE URIEL DELGADO-OVALLE,

      Defendant.

## **ORDER**

The Court, having considered the Defendant's Motion for Arrest of Judgment & Judgment of Acquittal (ECF No. 230), as well as the arguments of counsel for the Government and Defendant, is ready to rule on the Motion.

The Court makes the following Findings:

1. On January 10, 2014, a Jury Verdict was entered in this case finding the Defendant guilty of Count 1 of the Indictment against the Defendant.

2. On January 10, 2014, Defendant filed a Motion for Release from Custody (ECF No. 210), which was followed by Defendant's Motion for Arrest of Judgment and Judgment of Acquittal (ECF No. 220) and Memorandum in Support (ECF No. 221), on January 24, 2014.

3. The Government filed its Response to the Motion on January 27, 2014 (ECF No. 227).

4. On January 28, 2014, at approximately 3:30 p.m., Magistrate Judge David J. Waxse conducted a hearing and granted Defendant's Motion for Release from Custody, finding that the Defendant is not a flight risk, nor a threat to the community (ECF No. 228).

5. Also during the hearing on January 28, 2014, Magistrate Judge Waxse entered an Order Setting Conditions of Release with regard to the Defendant (ECF No. 229).

6. After the hearing, the U.S. Marshals were provided a copy of the Order Setting Conditions of Release on January 28, 2014.

7. The U.S. Marshals continued to detain the Defendant in custody pursuant to an Immigration Detainer – Notice of Action issued by the Department of Homeland Security ("DHS") U.S. Immigration and Customs Enforcement (the "ICE Detainer Notice").

8. The ICE Detainer Notice expressly states that the U.S. Marshals:

Maintain custody of the subject for a period **NOT TO EXCEED 48 HOURS**, excluding Saturdays, Sundays, and holidays, beyond the time when the subject would have otherwise been released from your custody to allow DHS to take custody of the subject. This request flows from federal regulation 8 C.F.R. § 287.7, which provides that a law enforcement agency "shall maintain custody of an alien" once a detainer has been issued by DHS. **You are not authorized to hold the subject beyond these 48 hours.**

9. On January 30, 2014, shortly after 4:30 p.m., Defendant filed a new Motion for Arrest of Judgment & Judgment of Acquittal, requesting the Defendant's immediate release because the 48 hours had expired.

10. 8 C.F.R. § 287.7(d) expressly provides:

Temporary detention at [DHS] request. Upon a determination by [DHS] to issue a detainer for an alien not otherwise detained by a criminal justice agency, such agency shall maintain custody of the alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by [DHS].

11. Counsel for the Defendant, Branden A. Bell, and counsel for the Government, Jabari Wamble, appeared before the undersigned Magistrate Judge soon after the filing of the instant motion, on January 30, 2014.

12. At hearing, Defendant's counsel argued that the 48 hours provision of 8 C.F.R. § 287.7 governs, that more than 48 hours had passed since the Defendant's release, and that Defendant is therefore entitled to immediate release.

13. The Government's counsel argued that DHS had not been made aware of the order granting the Defendant's release until sometime on January 29, 2014, and that the U.S. Marshals are entitled to a reasonable time to process the release of the Defendant even if that time period exceeds 48 hours. Counsel did not identify any special circumstances in this case that warranted detention of the Defendant beyond 48 hours.

14. Neither counsel was able to cite any legal authority to support his argument. Nor was the Court able to locate any controlling authority on the arguments raised by counsel.

15. The hearing was continued to today, January 31, 2014, and the Government through the U.S. Marshals ordered to hold the Defendant and not to release him to ICE, pending the Court's determination at the hearing today.

Based upon the above Findings, and specifically the language of 8 C.F.R. § 287.7(d) and the ICE Detainer Notice, the Court concludes that the Defendant was released and not otherwise detained by a criminal justice agency, on the afternoon of January 28, 2014, and that more than 48 hours have passed from then until now, January 31, 2014 at 1:00p.m. Accordingly, the Court grants Defendant's Motion for Arrest of Judgment & Judgment of Acquittal (ECF No. 230) insofar as it requests immediate release, and orders that the Defendant shall be immediately released by the U.S. Marshals from custody.

IT IS SO ORDERED.

Dated January 31, 2014.

s/ Teresa J. James
Teresa J. James
United States Magistrate Judge